CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 10 2013

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER L. GARDNER, ) | Civil Action No. 7:13cv00054 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TOWN OF BLACKSBURG, ) | |
| VIRGINIA POLICE DEPARTMENT ) | |
| *et al.*, ) | |
| ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

This is an action by *pro se* plaintiff Roger L. Gardner pursuant to 42 U.S.C. § 1983 against the Blacksburg Police Department, the Christiansburg Police Department, and a number of Blacksburg and Christiansburg police officers in their official capacities, arising out of the defendants' warrant-based search of Gardner's home. Gardner claims that the defendants obtained a constitutionally deficient warrant and carried out a search of his home in order to harass and intimidate Gardner and his wife. The Christiansburg Police Department, Chief Mark Sisson, officer Keith Spence, and officer Curtis Brown have filed a motion to dismiss Gardner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Blacksburg Police Department, Chief Kimberly Crannis, and officer Ryan Hite have filed a similar motion to dismiss.[1] In both motions, the defendants argue that the court should dismiss Gardner's complaint because he has sued two municipal entities and several employees of those entities in their official capacities, but has failed to allege an official policy or custom by which the defendants deprived Gardner of his Fourth Amendment rights. The court agrees with the defendants and dismisses Gardner's complaint without prejudice.

---

[1] Gardner also sues "unidentified police officers" from both departments.

## I.

Gardner alleges that on the morning of February 7, 2011, he was at home in a hospital bed recovering from the triple-bypass surgery he had undergone a week earlier. As he lay in bed, Gardner looked out the window and saw approximately ten police officers approaching the rear of his home. Gardner alerted his wife, Melissa, and she met the officers at the back door. Officer Ryan Hite of the Blacksburg Police Department presented Melissa with a warrant to search for stolen property. Over the Gardners' objections, officers from the Blacksburg and Christiansburg Police Departments entered the Gardners' home and spent more than an hour searching rooms and closets. Gardner alleges that one of the officers ordered him out of his bed so that officers could inspect the bedding and pat Gardner down. The officers did not find the alleged stolen property and eventually left.

Gardner alleges that his wife is an outspoken critic of local law enforcement. He claims that Officer Hite relied on nothing more than a statement from a "mentally ill, schizophrenic, morphine addicted hospice patient" in his application for the search warrant, that Hite "misrepresented the facts" and "failed to conduct a thorough investigation" before applying for the warrant, and that the police used the search to intimidate and retaliate against the Gardners. Compl. 3, 2, ECF No. 4. Gardner seeks $750,000 in damages.

## II.

The defendants argue that Gardner's complaint fails to state a claim because it names two municipal entities and several employees of those entities in their official capacities, but does not attempt to show that any defendant deprived Gardner of his rights by means of an official policy or custom. The court agrees, finds that Gardner's complaint fails to state a claim, and dismisses the complaint without prejudice.

To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). Courts must liberally construe *pro se* complaints, Erickson v. Pardue, 551 U.S. 89, 94 (2007), and accept the claimant's factual allegations as true. Hemi Group, LLC v. City of N.Y., 559 U.S. 1, 5 (2010). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Federal courts treat claims against Virginia municipal police departments as claims against the municipalities themselves. See, e.g., Hearn v. Hudson, 549 F. Supp. 949, 952 n.1 (W.D. Va. 1982) ("The capacity of a governmental unit to be sued in federal court is to be determined by reference to state law. [Fed. R. Civ. P. 17(b).] It appears that nothing in Virginia law recognizes municipal police departments as entities separate from their respective municipalities. Nor does anything in Virginia law support a direct action against a police department as an entity separate from the municipality itself."); Burnley v. Norwood, No. 3:10cv000264, 2010 WL 3063779, at *5 (E.D. Va. Aug. 4, 2010) (treating claims against the Richmond Police Department as claims against the City of Richmond). To hold a municipality liable under § 1983, the plaintiff must allege that the municipality deprived the plaintiff of his rights pursuant to an official policy or custom. See Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 694 (1978); Walker v. Prince George's Cnty., Md., 575 F.3d 426, 431 (4th Cir. 2009). Further, "[o]fficial capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent, and damages may be awarded against a defendant in his official capacity only if they would be recoverable against the governmental

3

entity itself." Hughes v. Blankenship, 672 F.2d 403, 406 (4th Cir. 1982) (citation omitted); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985).

Here, Gardner has sued two municipalities and a number of municipal employees in their official capacities, but he has failed to make any allegations whatsoever regarding a municipal policy or custom that led to the constitutional violation he alleges. Instead, Gardner merely describes the officers' conduct during the search, alleges that the search warrant was based on nothing more than the word of a heavily medicated hospice patient, and concludes that he is entitled to damages based on a Fourth Amendment violation. Gardner's complaint therefore fails to state a claim against the police departments and the officers in their official capacities. In any event, even if Gardner had sued the police officers in their personal capacities, his complaint is almost entirely devoid of specific factual allegations regarding any particular officer. Accordingly, the court grants the defendants' motions and dismisses Gardner's complaint without prejudice.[2]

### III.

For the reasons stated, the court grants the defendants' motions to dismiss.

**ENTER:** June 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Gardner responded to the defendants' motions to dismiss by filing a motion for summary judgment. Given that Gardner has not supported his motion with evidence or made any serious attempt to establish the absence of a genuine dispute, the court denies the motion. See Fed. R. Civ. P. 56.

4